

DANIEL R. OLSON
ATTORNEY
T 612.746.1095
F 612.746.1295
DOLSON@BASSFORD.COM

*VIA ECF*

June 26, 2020

The Honorable Judge Elizabeth Cowan Wright
316 North Robert Street
St. Paul, Minnesota 55101

Re: *Jeffrey Weisen v. Northern Tier Retail LLC d/b/a Speedway*
Court File No.: 19-CV-02624 (JNE/ECW)
Our File No.: 5945-91

Dear Judge Wright:

Speedway has reviewed Plaintiff's request for additional relief related to the Court's Order compelling the production of his previous ADA settlement agreements (ECF No. 39), and respectfully requests that the Court deny this request.

As the Court noted during the hearing on Speedway's motion to compel, Plaintiff has already placed the contents of his settlement agreements into controversy in this matter. In his Answer to Speedway's Interrogatory No. 8, Plaintiff swore that he "has never resolved an ADA claim without a binding settlement agreement obligating the opposing party to remediate the unlawful barriers at the premises at issue." (*See* ECF No. 28-1 at *173.) Because Plaintiff has made an affirmative representation under oath about the contents of these agreements in an effort to bolster his ability to demonstrate standing, Speedway should be allowed access to these agreements to verify his claim. *See, e.g., Smith v. Bradley Pizza, Inc.*, Case No. 0:17-cv-2032-ECT-KMM, 2018 WL 5920626, at *5 (D. Minn. Nov. 13, 2018) ("The settlement agreements themselves may also support a defense that injunctive relief is not required because Mr. Smith has not demanded strict compliance with the ADA in previous cases he has resolved. This information could support the [d]efendants' position that Mr. Smith cannot satisfy the injury-in-fact requirement for standing."); *Davis v. Ak-Sar-Ben Vill., L.L.C.*, Case No. 8:18CV101, 2020 WL 1332288, at *3-4 (D. Neb. Mar. 23, 2020) (granting defendant's motion to compel serial ADA litigant's prior settlement agreements).

Importantly, Plaintiff's reliance on his settlement agreements distinguishes this case from the proportionality concerns addressed by Judge Menendez in *Smith*. *See* 2018 WL 5920626, at *6. And the Court already mitigated the "non-party" issue discussed in *Smith* by ordering that the settlement agreements be designated "Attorney's Eyes Only" under the protective order in this case. (*See* ECF No. 36.) Accordingly, Plaintiff's request should be denied.

To the extent that the Court is willing to provide additional relief to Plaintiff, Speedway respectfully requests that any such relief be confined to an in-camera review of the confidential settlement agreements in question along with a reasonable extension of 30 days to effectuate any necessary notice before production.

                Very truly yours,

                */s/ Daniel R. Olson*

                Daniel R. Olson

                BASSFORD REMELE, A Professional Association