# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Weisen, | Civil File No.: 19-cv-02624 (JNE/ECW) |
| Plaintiff, | |
| vs. | **MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION TO VACATE DEFAULT JUDGMENT** |
| Northern Tier Retail LLC d/b/a Speedway, | |
| Defendant. | |

## **INTRODUCTION**

Essentially, Plaintiff Jeffrey Weisen is requesting a new trial because his dog ate his homework. When this case was called for trial on October 5, 2021, all but one component of Weisen's ADA claim had been dismissed. His expert had been excluded on a *Daubert* motion. And Defendant Northern Tier Retail LLC d/b/a Speedway ("Speedway") had its own expert prepared and ready to testify that the remaining curb-ramp-landing violation had been remediated.

But rather than appear for his first trial out of the 195 lawsuits he has initiated in the past two years, Weisen failed to show up. Not only did he fail to appear, he also failed to provide the Court or his counsel with an update on his whereabouts, leading the Court to grant default judgement in favor of Speedway.

Weisen now moves to vacate the default judgment based on an elaborate excuse for his failure to appear at trial. Because Weisen's tall tale is not sufficient grounds to vacate the default judgment, this Court should deny his motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 55(c) allows the Court to set aside a final default judgment "in accordance with Rule 60(b)." Rule 60(b) calls for a "more stringent standard for relief from final judgment" than the "good cause" standard under Rule 55(c). Fed. R. Civ. P. 60(b); *Puppe v. Ametek, Inc.*, No. CIV. 10-3888 (MJD/JJK), 2012 WL 3870556, at *3 (D. Minn. Sept. 6, 2012). Rule 60(b) allows a court to set aside a final default judgment "if there is mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b); *see also Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005).

The term "excusable neglect" is fluid in definition, but necessarily has two components: (1) neglect or noncompliance; and (2) that is excusable. *Id*. To determine whether neglect was excusable, courts consider: (1) the movant's explanation for the delay, including whether the reason for the delay was within his reasonable control; (2) whether the movant acted in good faith; (3) the length of the delay and its potential effect on the judicial proceedings; and (4) the danger of prejudice to the nonmoving party. *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, 496 F.3d 863, 866–67 (8th Cir. 2007). A court does not need to explicitly balance each of the factors nor do the factors carry equal weight; the key factor in the analysis is the reason for delay. *Id*., citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000); *see also Cerwinske v. Cambrex Charles City, Inc.*, 310 F. App'x 55, 56 (8th Cir. 2009).

## ARGUMENT

Weisen's motion fails for two independent reasons: (1) failure to appear for trial cannot constitute excusable neglect under Rule 60(b); and (2) granting the motion to vacate

default judgement would unfairly prejudice Speedway. Each failure is addressed in turn.

## I. Failure to appear at trial cannot constitute excusable neglect.

As a threshold matter, a failure to appear at trial cannot constitute excusable neglect. *See Sutherland v. ITT Cont'l Baking Co.*, 710 F.2d 473, 477 (8th Cir. 1983) (affirming denial of motion to vacate default judgment because "failure to appear at trial is not the sort of inadvertence or excusable neglect that properly forms the basis for rule 60(b) relief"). Weisen's motion can be denied out of hand as a result. *See also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (failure to appear at pretrial conference is sufficient ground for final default judgment).

But even if failing to appear for trial could constitute excusable neglect under certain circumstances, those circumstances surely are not present here. Weisen's declaration in support of his motion to vacate reads like pure fiction and creates more questions than answers.[1] He fails to identify the "friend" who offered to give him an old phone. (Dkt. 141, ¶ 4.) He fails to identify his "roommate" who supposedly provided Weisen with a cell phone to use on occasion. (*Id.*) He fails to state the time he left his residence in Randall "to make sure [he] would arrive on time for trial." (*Id.*, ¶ 7.) He fails to explain when he purchased the 1995 Oldsmobile, or how the 1995 Oldsmobile was handicap accessible.[2] (*Id.*, ¶ 8.) He fails to identify the "owner of the farm" he rolled himself to after his car

---

[1] It warrants mention that Weisen has a history of testifying untruthfully to the Court. *See Weisen v. N. Tier Retail LLC*, No. 19-CV-2884 (JNE/ECW), 2021 WL 2661513 at *4, 9 (D. Minn. June 29, 2021).

[2] For that matter, he also fails to explain how he can drive in the first place if he is "confined to and totally dependent on a wheelchair." (*Compare* Dkt. 141 *with* Dkt. 120, p. 2.)

3

broke down. (*Id.*, ¶ 10.) He fails to explain why he didn't ask the unnamed "owner of the farm" to use his phone to call Plaintiff's counsel or the Court. (*See id.*, ¶¶ 10-11.) And he fails to explain why he did not drive to a payphone to call the Court or his counsel after the unnamed "owner of the farm" just so happened to have a "spare external fuel pump" and the mechanical know-how to fix his car. (*See id.*)

His tacit admissions are equally telling. Weisen admits that he chose to drive home once his car was fixed instead of driving to the courthouse for trial. (*See id.*, ¶ 12.) He further admits that he slept the rest of the day away instead of contacting the Court or his counsel to explain his supposed predicament. (*See id.*, ¶ 13.) Because he affirmatively decided to drive home and take a nap instead of appearing for trial, the reason for Weisen's failure to appear were entirely within his control.

The term "excusable neglect" is generally "understood to encompass situations in which the failure to comply . . . is attributable to negligence" along with a showing of good faith. . *Noah*, 408 F.3d at 1045, citing *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (citations omitted). Weisen's declaration and the elaborate storytelling contained therein do not meet the legal standard required to vacate a default judgment. His motion fails as a result.

## II. Speedway will be prejudiced by the Court vacating the default judgment.

Additionally, Weisen's motion also fails because Speedway will be prejudiced by the Court vacating the default judgment. Weisen is incorrect in asserting that a showing of prejudice must be "concrete." (*See* Dkt. 140, p. 7.) This standard, as well as the *Johnson* case Weisen cites in support thereof, applies to motions to set aside an entry of default

under Rule 55(c)—not motions to vacate *final default judgments* under Rule 60(b). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (applying "the more lenient 'good cause' standard" under Rule 55(c)). Instead, in deciding a motion to vacate a final default judgment under Rule 60(b), a district court may "consider whether 'any intervening equities' would make it inequitable to grant relief." *Sutherland*, 710 F.2d at 476. And, as the Eighth Circuit has observed, "[c]ertainly, this does not require the nonmoving party to come forward with evidence of prejudice." *Id.*

Speedway was fully prepared for trial on October 5, with its expert witness present and ready to testify. Granting Weisen's motion to vacate the default judgment would force Speedway to start all over again, months after trial was scheduled. Speedway should not have to bear the burden and expense of the re-preparing for trial because Weisen failed to show up. The Court may deny his motion for this second, independent reason as well.

## CONCLUSION

Simply put, there is no basis to grant Weisen a "do-over" on his day in Court. Speedway respectfully requests that the Court deny his motion to vacate as a result.

                                          **BASSFORD REMELE**
                                          *A Professional Association*

Date: November 12, 2021     By: /s/ Daniel R. Olson
                                          Stephen O. Plunkett (#203932)
                                          Daniel R. Olson (#389235)
                                          Jessica L. Kometz (#399303)
                                          100 South 5th Street, Suite 1500
                                          Minneapolis, MN 55402-1254
                                          Telephone: (612) 333-3000
                                          Facsimile: (612) 333-8829
4879-1232-4097, v. 1                 *Attorneys for Defendant Northern Tier Retail LLC d/b/a Speedway*

5